## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANIEL PHILLIPS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2442-KHV |
| **KIMBRA L. MARTIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion To Dismiss Or, In The Alternative, To Transfer Venue (Doc. #5) filed November 30, 2006; Defendant's Request For Judicial Notice Of Adjudicated Documents (Doc. #16) filed February 26, 2007; and plaintiff's Motion For Partial Summary Judgment (Doc. #17) filed February 28, 2007. For reasons stated below, the Court overrules the parties' motions but nonetheless dismisses plaintiff's complaint for lack of subject matter jurisdiction.

### Factual Background

Plaintiff's complaint may be summarized as follows:

On September 3, 2003, in the United States District Court for the Western District of Washington, plaintiff was charged with failure to pay interstate child support in violation of 18 U.S.C. § 228. The information charged that plaintiff had failed to pay accrued child support owed to defendant, his ex-wife and a resident of Washington, under the terms of a Kansas divorce decree. Plaintiff pled guilty to the charge. On March 31, 2004, the United States District Court for the Western District of Washington sentenced plaintiff to five years probation and mandatory restitution, as required by 18 U.S.C. § 228, in

the amount of $36,096.[1]

In August of 2004, plaintiff's criminal matter was transferred to this Court. See United States v. Daniel Dennis Phillips, Case No. 04-cm-80060-CM. On May 12, 2005, pursuant to a report of the United States Probation Office which found that plaintiff had paid the restitution in full, the Honorable Carlos Murguia ordered that defendant be discharged from probation and that the proceedings in the case be terminated. See Order Of The Court (Doc. #2) in Case No. 04-cm-80060-CM.

Defendant asserts that plaintiff owes additional money under the terms of the Kansas divorce decree and has filed various administrative and judicial actions in Washington to recover such money. Plaintiff alleges that defendant's conduct violates the terms of Judge Murguia's order of May 12, 2005, which held that plaintiff had paid the required restitution in full. In January of 2006, the District Court of Johnson County, Kansas declined to rule on the effect of Judge Murguia's order.[2]

Pursuant to 28 U.S.C. § 2201, plaintiff seeks an order declaring that he has paid all sums owing under the Kansas divorce decree.[3] Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331.

---

[1] Defendant filed a Victim Impact Statement and addressed the court at sentencing.

[2] Plaintiff's complaint does not explain the procedural posture of the ruling in the Johnson County case.

[3] As best the Court can ascertain, plaintiff asserts that Judge Murguia's ruling that he satisfied his restitution in the criminal case bars defendant's efforts to obtain additional child support.

**Analysis**

Defendant argues that because plaintiff seeks review of a Washington state court judgment, the Rooker-Feldman doctrine precludes the Court from asserting jurisdiction.[4] See Bolden v. City of Topeka, Kan., 441 F.3d 1129 1142-43 (10th Cir. 2006) (Rooker-Feldman doctrine applies when losing party in state court proceedings seeks review and rejection of those judgments in federal district court). Plaintiff notes that defendant has not specifically referenced any state court judgment which he is challenging in this action. Because defendant did not present specific evidence of a state court judgment in her motion,[5] the Court must overrule defendant's motion on this ground.

Plaintiff's complaint alleges federal question jurisdiction under 28 U.S.C. § 1331, but it does not allege sufficient facts to show that his claims arise under federal law.[6] Pursuant to Rule 12(h)(3), Fed. R. Civ. P., the Court must dismiss an action whenever it lacks jurisdiction. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) (court has duty to determine subject matter jurisdiction *sua sponte*). Accordingly, the Court will dismiss plaintiff's complaint with leave to amend on or before

---

[4] See Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

[5] Defendant attached the state court orders to her reply brief in support of her motion to dismiss, but plaintiff has not had an opportunity to respond to that information.

[6] Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201, but the Declaratory Judgment Act is procedural in nature and does not confer subject-matter jurisdiction upon federal courts. See Cardtoons v. Major League Baseball Ass'n, 95 F.3d 959, 964 (10th Cir. 1996). Accordingly, plaintiff must allege some independent basis of federal subject-matter jurisdiction. Id.

In his motion for summary judgment, plaintiff states that he seeks a declaration that further collection of money under the Kansas divorce decree is barred under the Supremacy Clause of the United States Constitution. See plaintiff's Motion For Partial Summary Judgment (Doc. #17) at 1. Plaintiff's complaint does not mention the Supremacy Clause or how it would confer subject matter jurisdiction in this case.

**March 16, 2007**, to set forth facts sufficient to establish federal jurisdiction.  See Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (proper to afford plaintiff opportunity to amend unless patently obvious he could not prevail on facts alleged and amendment futile).[7]  If plaintiff files an amended complaint, he shall also show good cause in writing on or before **March 21, 2007**, why the Court should not decline to exercise jurisdiction under the Declaratory Judgment Act.[8]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Or, In The Alternative, To Transfer Venue (Doc. #5) filed November 30, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Request For Judicial notice Of Adjudicated Documents (Doc. #16) filed February 26, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Partial Summary Judgment (Doc. #17) filed February 28, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **March 16, 2007**, plaintiff may file an amended

---

[7] Defendant also moves to dismiss the complaint because plaintiff has not stated a claim on which relief can be granted and plaintiff's action is frivolous and malicious.  The Court need not address defendant's alternative arguments because on the present record, it appears that the Court lacks subject matter jurisdiction.

[8] In particular, plaintiff should address the following factors: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;" (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether plaintiff has an alternative remedy which is better or more effective.  The Court notes that the Washington state court appears capable of determining the effect, if any, of the restitution finding in plaintiff's federal criminal proceeding on further collection efforts by defendant.  Indeed, the District Court of Johnson County, Kansas, in declining to declare the effect of the restitution finding in plaintiff's federal criminal proceeding on any subsequent state court proceeding, noted that the issue would have to be litigated in Washington state court.  See Memorandum Decision of December 6, 2005 at 7, attached as Exhibit B to plaintiff's Motion For Partial Summary Judgment (Doc. #17).

complaint to set forth facts sufficient to establish federal jurisdiction. If plaintiff fails to do, the Court will dismiss the action without prejudice for lack of jurisdiction. If plaintiff files an amended complaint, he shall show good cause in writing on or before **March 21, 2007**, why the Court should not decline to exercise jurisdiction under the Declaratory Judgment Act.

Dated this 1st day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court
