**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DANIEL PHILLIPS,**           ) | |
|                                             ) | |
| **Plaintiff,**      ) | |
|                                             ) | **CIVIL ACTION** |
| **v.**                                  ) | |
|                                             ) | **No. 06-2442-KHV** |
| **KIMBRA L. MARTIN,**       ) | |
|                                             ) | |
| **Defendant.**  ) | |
|                                             ) | |
| _____) | |

**ORDER AND ORDER TO SHOW CAUSE**

Daniel Phillips brings suit against Kimbra L. Martin, his ex-wife, seeking a declaration that he has fully satisfied his child support obligations and that he is not bound by the child support enforcement orders of the Washington state courts. On March 1, 2007, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction but granted plaintiff leave to file an amended complaint. See Memorandum And Order (Doc. #19) at 4-5. On March 16, 2007, plaintiff filed an amended complaint. On June 5, 2007, the Court required plaintiff to show good cause in writing why the Court should not dismiss this action under the Rooker-Feldman doctrine. See Order And Order To Show Cause (Doc. #38) at 2-3. This matter is before the Court on plaintiff's Response To Show Cause Re: Rooker Feldman (Doc. #41) filed June 11, 2007 and plaintiff's Motion To Strike And Response To Defendant's Reply Re: May 15 Show Cause (Doc. #43) filed July 9, 2007.

The Court's show cause order was based on the assumption that plaintiff filed this action after the deadline to appeal the Washington state judgment. Based on plaintiff's response to the show cause order, it appears that plaintiff filed this action the same day as the deadline to appeal the Washington state judgment. See Wash. R. App. P. 5.2(a). Accordingly, plaintiff has shown good

cause why the Court should not dismiss this action under the Rooker-Feldman doctrine.  See Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006) (Rooker-Feldman only applies to suits filed after state proceedings are final, i.e. when final state judgment is no longer appealable); see also Wallin v. Arapahoe County Det. Fac., Nos. 06-1373, 06-1376, 06-1416, 2007 WL 2153224, at *4 (10th Cir. July 27, 2007) (state proceedings are considered "final" for Rooker-Feldman purposes when party allows time for appeal from lower state-court judgment to lapse).[1]

**IT IS THEREFORE ORDERED** that plaintiff has shown good cause why the Court should not dismiss this action under the Rooker-Feldman doctrine.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Strike And Response To Defendant's Reply Re: May 15 Show Cause (Doc. #43) filed July 9, 2007 be and hereby is **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that **on or before October 15, 2007, plaintiff shall show good cause in writing why the Court should not abstain from hearing this action under Younger v. Harris, 401 U.S. 37 (1971).  On or before November 5, 2007, defendant may file a reply.**

**IT IS FURTHER ORDERED** that the stay in this case is lifted.  On or before **October 15, 2007**, plaintiff shall file a memorandum in opposition to Defendant's Motion For Summary Judgment On Plaintiff's 1st Amended Complaint And Counts 1-3 Of Defendant's Counterclaim

---

[1] Because the Washington state judgment was not final when plaintiff filed this action, plaintiff is ordered to show cause in writing why the Court should not abstain from hearing this action under Younger v. Harris, 401 U.S. 37 (1971).  Younger dictates that a federal district court abstain from exercising jurisdiction when (1) state judicial proceedings are ongoing; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings implicate important state interests.  See Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003).

(Doc. #32) filed May 9, 2007.  On or before **November 5, 2007**, plaintiff may file a reply brief.

Dated this 24th day of September, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

-3-