IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL PHILLIPS,            )<br>                             )<br>         Plaintiff,         )<br>                             )        CIVIL ACTION<br> v.                          )<br>                             )        No. 06-2442-KHV<br> KIMBRA L. MARTIN,           )<br>                             )<br>         Defendant.          )<br>                             )<br> _____) | |

## ORDER

This matter is before the Court on plaintiff's <u>Motion To Strike Affidavit Of Kimbra Martin</u> (Doc. #56) filed October 30, 2007 and defendant's <u>Motion To Strike Declaration In Opposition To Defendant's Motion For Summary Judgment</u> (Doc. #60) filed November 6, 2007.

Rule 12(f), Fed. R. Civ. P., provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may prejudice one of the parties. <u>Nwakpuda v. Falley's, Inc.</u>, 14 F. Supp.2d 1213, 1215 (D. Kan. 1998). A Rule 12(f) motion is not the appropriate method to challenge the factual support for an allegation. <u>Id.</u>

Rule 12(f) authorizes the Court to strike material from *pleadings*. A response to a motion for summary judgment and its attachments are not pleadings. <u>See</u> Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); <u>Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.</u>, 230 F.R.D. 657, 660

(D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). The Federal Rules of Civil Procedure do not provide for motions to strike motions or memoranda. See Searcy v. Soc. Sec. Admin., No. 91-4181, 956 F.2d 278 (Table), 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992); Commodity Futures Trading Comm'n v. Purser, No. 00-CV-622-TS, 2006 WL 288420, at *1 (D. Utah 2006); Trujillo, 230 F.R.D. at 660; see also Dawson v. City of Kent, 682 F. Supp. 920, 922 (N.D. Ohio 1988) (Rule 12(f) relates only to pleadings), aff'd, 865 F.2d 257 (6th Cir. 1988). For this reason and those stated below, the Court overrules both motions to strike.

**I.     Plaintiff's Motion To Strike**

Plaintiff seeks to strike defendant's affidavit because it is insufficient under Rule 56. In the verification section of the affidavit, defendant states that the foregoing is "true and correct to the best of [her] knowledge and ability." Defendant's Affidavit In Support Of Motion For Summary Judgment (Doc. #34) at 17. Because no notary appears on plaintiff's "affidavit," the Court treats it as a declaration under D. Kan. Rule 56.1. See Schartz v. Unified School District No. 512, 963 F. Supp. 1067, 1070 (D. Kan. 1997) (affidavit must be sworn to or affirmed before official who also notarizes document).

D. Kan. Rule 56.1 allows the use of non-notarized declarations as alternatives to affidavits, but it requires that declarations be made under penalty of perjury. The requirements for a valid declaration are set forth in 28 U.S.C. § 1746, which states that a valid declaration under penalty of perjury made within the United States must be "in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'" 28 U.S.C. § 1746(2). Plaintiff's declaration is qualified with the language "to the best

of my knowledge and ability," <u>Defendant's Affidavit In Support Of Motion For Summary Judgment</u> (Doc. #34) at 17, but such language substantially complies with the requirements of Section 1746. <u>See</u> <u>Cobell v. Norton</u>, 391 F.3d 251, 260 (D.C. Cir. 2004) ("to the best of [my] knowledge, information or belief" disclaimer sufficient under Section 1746); <u>United States v. Roberts</u>, 308 F.3d 1147, 1154-55 (11th Cir. 2002) (declarant susceptible to prosecution for perjury despite "to the best of my knowledge and belief" disclaimer in declaration), <u>cert. denied</u>, 538 U.S. 1064 (2003); <u>Silva v. Gregoire</u>, No. C05-5731-RJB, 2007 WL 2034359, at *3 (W.D. Wash. July 3, 2007) ("to the best of my knowledge" disclaimer substantially complies with Section 1746).[1]  Accordingly, the Court overrules plaintiff's motion to strike defendant's affidavit.[2]

## II.    **Defendant's Motion To Strike**

Defendant seeks to strike plaintiff's opposition brief because plaintiff did not serve on defendant the 18-page declaration in support of his response to defendant's motion for summary judgment (Doc. #54) or exhibit "KK" to the declaration. Defendant acknowledges that she downloaded from PACER a copy of the two documents which plaintiff did not serve. <u>See</u> <u>Defendant's Motion</u> (Doc. #60) at 2. Because defendant has not shown any prejudice, the Court overrules her motion.

---

[1]  The disclaimer "to the best of my knowledge and ability" suggests that defendant may not have personal knowledge of all of the facts in her affidavit, but the Court can evaluate this issue on a fact by fact basis. <u>See</u> <u>Kemp v. Grippen</u>, No. 06-C-0076, 2007 WL 870123, at *2 n.1 (E.D. Wis. Mar. 20, 2007) (reference to the best of my "belief and information" does not satisfy personal knowledge requirement).

[2]  Plaintiff also seeks to strike defendant's affidavit because it contains hearsay and legal argument. Neither ground is a valid basis to strike an affidavit. Of course, in determining what evidence should be considered in ruling on defendant's motion for summary judgment, the Court will address these arguments.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Strike Affidavit Of Kimbra Martin (Doc. #56) filed October 30, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Strike Declaration In Opposition To Defendant's Motion For Summary Judgment (Doc. #60) filed November 6, 2007 be and hereby is **OVERRULED**.  **If plaintiff has not done so already, he shall serve a copy of his declaration in support of his response to defendant's motion for summary judgment (Doc. #54) and exhibit "KK" to the declaration.**

Dated this 16th day of November, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court